A nonresident executrix of a deceased executor, who has neglected to render an account for his proceedings as executor in accordance with the order of the court, will not be granted any relief under a stipulation under which certain moneys have been paid her from the estate of the deceased executor, and under which further payments are contemplated, until she obeys the order of the court.

In the matter of the accounting of the executrix of William Wade, deceased. Decree entered.

William C. Beecher, for petition.

Edward J. Newell, for respondent executor.

THOMAS, S. The decedent and Edward A. Newell were executors of the will of Mary E. Wade, the first wife of the decedent. Katharine S. Wade, the second wife of the decedent, and Edward A. Newell, are the executors of his will. It is claimed by Mr. Newell that assets of the estate of Mary E. Wade were received by the decedent, and have never been accounted for, and that some of them reached the hands of Katharine S. Wade, who resides out of this state. In August, 1897, a proceeding was commenced under section 2606, Code Civ. Proc., by Mr. Newell, as surviving executor of Mary E. Wade, against Katharine S. Wade, as executrix of the estate of William Wade, to compel her to account for the acts of her testator as executor of Mary E. Wade. In that proceeding an order was made on January 3, 1898, requiring that "said Katharine S. Wade, as executrix of the last will and testament of William Wade, deceased, render, file, and judicially settle an account of the proceedings of said William Wade (now deceased) as executor of the estate of Mary E. Wade, deceased." This order has never been obeyed. It seems to have been entirely ignored by Mrs. Wade, and her nonresidence made it impossible to enforce obedience by proceedings to punish her for contempt. She is now before the court as an applicant for relief against a stipulation made by her, under which some moneys have been paid to her from the estate of William Wade, and which contemplated further payments. The application is addressed to the discretion of the court. Until she obeys the order above recited, she is not in a position to ask for favors. The application is denied, with leave to renew after the account required by the order of January 3, 1898, has been filed, and after proceedings thereunder have terminated.

Decreed accordingly.